IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

KEVIN L. MCCUNE,
**Claimant Below, Petitioner**

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-248**      (BOR Appeal No.: 2058200)
(JCN: 2017016685)

**FEDEX FREIGHT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kevin McCune appeals the October 25, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent FedEx Freight, Inc. ("FedEx") filed a timely response.[1] Mr. McCune did not file a reply. The issue on appeal is whether the Board erred in affirming the Office of Judges' ("OOJ") order which affirmed the claim administrator's order denying the addition of cervical radiculopathy as a compensable component of the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McCune was injured on January 9, 2017, while employed by FedEx. Mr. McCune is a truck driver; he was getting down from the cab of his tractor trailer while gripping a handle beside the steering wheel, and he felt pain in his shoulder and neck. Mr. McCune previously suffered an injury to his lower back in 2009.

The claim administrator initially denied the claim, but the OOJ issued an order on June 4, 2018, reversing the decision of the claim administrator and granting a claim for a thoracic strain. This order was not protested by either party.

---

[1] Petitioner is represented by J. Robert Weaver, Esq. Respondent is represented by Alan Wolfson, Esq.

1

On March 20, 2020, Mr. McCune submitted a Diagnosis Update Form completed by John Ellison, D.O., which requested the addition of cervical radiculopathy, sprain of sacroiliac region, and lumbar strain as compensable components of the claim.

Mr. McCune was seen by Dr. Ellison on May 5, 2020. Dr. Ellison preformed a physical exam and found a reduced cervical range of motion. Dr. Ellison diagnosed Mr. McCune with cervical radiculopathy and recommended a referral to a neurosurgeon.

On June 17, 2020, the claim administrator issued an order, that denied the addition of cervical radiculopathy, sprain of sacroiliac region, and lumbar strain as compensable components of the claim. The claimant protested this order.

Mr. McCune underwent an EMG of his right upper extremity on May 4, 2020, that showed evidence of carpel tunnel syndrome, but no evidence of cervical radiculopathy.

On September 16, 2020, Mr. McCune was seen by Paul Bachwitt, M.D., an orthopedic surgeon, for an independent medical examination. Dr. Bachwitt performed a physical evaluation and reviewed Mr. McCune's medical records. Dr. Bachwitt reviewed a CT scan from January 10, 2017, an MRI from January 26, 2017, and an MRI from January 10, 2019. Dr. Bachwitt opined that all showed degenerative disc disease predating Mr. McCune's 2017 workplace injury. Dr. Bachwitt further opined that Mr. McCune's cervical symptoms were not related to his 2017 workplace injury, they were instead related to degenerative disc disease.

The OOJ issued an order dated March 29, 2021, that affirmed the claim administrator's order and found that Mr. McCune had not proven by a preponderance of the evidence that he is entitled to the addition of cervical radiculopathy as a compensable component of the claim. The Board affirmed the OOJ's order on October 25, 2022. Mr. McCune appeals the Board's order in regard to the diagnosis of cervical radiculopathy.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. McCune argues that the Board erred in finding that the opinion of Dr. Bachwitt was more reliable than the opinion of Dr. Ellison. Mr. McCune argues that Dr. Ellison's opinion should be entitled to greater evidentiary weight since he has been Mr. McCune's treating physician throughout the claim.

West Virginia Code § 23-4-1g (2003) provides, in relevant part:

(a) For all awards made on or after the effective date of the amendment and reenactment of this section during the year two thousand three, resolution of any issue raised in administering this chapter shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability that the evidence possesses in the context of the issue presented.

The OOJ, as affirmed by the Board, found that a diagnosis of cervical radiculopathy for Mr. McCune was not supported by the preponderance of the evidence after the May 4, 2020, EMG that showed no evidence of cervical radiculopathy. The OOJ, as affirmed by the Board, further found that the report of Dr. Bachwitt was more reliable than the report of Dr. Ellison due to Dr. Bachwitt's finding that Mr. McCune's cervical symptoms were not associated with cervical radiculopathy.

After review, we conclude that the Board was not clearly wrong in affirming the OOJ's order finding that the opinion of Dr. Bachwitt was more reliable than that of Dr. Ellison. Finding no error in the Board's October 25, 2022, order, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr

3

Judge Charles O. Lorensen